IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLEVEN LEWIS ROBERSON,

    Plaintiff,

      v.                 CIVIL NO.: WDQ-09-3038

PAUL T. GRAZIANO,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Cleven Lewis Roberson, *pro se*, sued Paul T. Graziano, Executive Director of the Housing Authority of Baltimore City ("HABC"), for violations of the Fair Housing Act ("FHA")[1] and related claims. Pending is Graziano's motion to dismiss, for summary judgment, or in the alternative, for a more definite statement.[2] For the following reasons, the motion to dismiss will be granted.

---

[1] 42 U.S.C. § 3601 *et seq.*

[2] Roberson filed a document captioned "Motion for Summary Judgment," *see* Paper No. 7, which this Court will treat as his opposition to Graziano's motion.

I.   Background[3]

Roberson has lived in Douglas Homes Public Housing ("Douglas Homes") in Baltimore City since 1995. Compl. ¶ 2. He has complained to Graziano and his subordinates numerous times about conditions at Douglas Homes but has received no relief. *Id*. ¶¶ 5, 26, 28-29.[4] Most recently, Roberson has reported: (1) gang and drug activity, which threatens his health, safety, and "peaceful enjoyment of his premises," *id*. ¶ 26; (2) a foul odor created by another tenant's cannibalism, *id*. ¶ 28; (3) "inhumane living conditions," *id*. ¶ 29;[5] and (4) "illegal conversion and

---

[3] For the pending motion, the well-pled allegations in the Complaint are accepted as true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

[4] Roberson filed two previous suits complaining of the same or similar FHA violations. *See Roberson v. Graziano*, No. WMN-07-1098 (D. Md. Sept. 21, 2007), *aff'd* No. 07-1975 (4th Cir. Mar. 14, 2008), *cert denied* No. 07-11185 U.S. (Oct. 6, 2008)(dismissing Roberson's complaint for failure to state a claim under the FHA)(hereinafter *Roberson II*); *Roberson v. Graziano*, No. RDB-05-2725, (D. Md. Apr. 27, 2006), *aff'd* No. 06-6858 (4th Cir. Oct. 13, 2006), *cert denied* No. 06-6858 U.S. (Oct. 6, 2008) (dismissing complaint for improper service of process). Because of the similarity of these claims to those considered and dismissed by Judge Nickerson, this opinion adopts his analysis of those issues.

[5] Roberson alleges that "the water was again turned off, from 9:00 a.m. to 4:00 p.m. for emergency repairs[,]" on November 10, 2009. Compl. ¶ 29.

reconstruction" of part of the Douglas Homes community, *id*. ¶ 30.[6]

He also alleges that HABC miscalculated his rent after his annual recertification with Douglas Homes in early December 2008. *Id*. ¶¶ 10-11. On December 29, 2008, HABC corrected its initial calculation and lowered Roberson's rent from $310 to $304 each month. *Id*. ¶ 11. In January 2009, Roberson filed an informal grievance, which resulted in another reduction of his rent to $283 per month. *Id*. ¶¶ 12-14. In February 2009, Roberson filed a formal grievance to request that his rent be further reduced to $262 per month because of a misstatement of his interest income on the rent calculation worksheet. *Id*. ¶¶ 16-19. Following a hearing in May 2009, the grievance panel denied that request and upheld HABC's $283 per month rent calculation. *Id*. ¶¶ 20-21.

On November 16, 2009, Roberson filed this suit under the FHA, alleging that Graziano[7] had discriminated against him in the

---

[6] Roberson has also alleged that he is entitled to relief under a consent decree entered by HABC--reported by the *Baltimore Sun* on September 30, 2004--to settle three residents' claims. Compl. ¶ 27; Pl.'s Opp. at 10. Roberson has not explained how and why he is entitled to relief under that decree.

[7] Roberson apparently intended to sue Graziano in his official capacity as Executive Director of the HABC. Accordingly, the real party in interest is HABC. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978) (an official capacity suit is another way of suing a local government that is suable in its own name).

3

rental of housing in violation of 42 U.S.C. § 3604(b) and failed to provide reasonable housing accommodation for his disability in violation of 42 U.S.C. § 3604(f).[8] On December 28, 2009, Graziano moved to dismiss, for summary judgment, or in the alternative, for a more definite statement. Paper No. 5.

II. Analysis

A. Standard of Review

The Court construes *pro se* civil rights complaints liberally. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). They are held to a less stringent standard than those drafted by attorneys. *Id*.

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader

---

[8] Roberson has also alleged a violation of 42 U.S.C. § 3617, which makes it "unlawful to coerce, intimidate, threaten, or interfere" with a person's enjoyment of rights granted or protected by the FHA. The complaint alleges that other tenants--not Graziano or HABC officials--threatened and intimidated him. Roberson has failed to state a § 3617 claim against Graziano. HABC has no duty to protect Roberson from fellow tenants. *See Roberson II*, No. WMN-07-1098 at *5.

4

is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.,* 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts as pleaded must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id*. at 1950 (*citing* Fed. R. Civ. P. 8(a)(2)). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown--that the pleader is entitled to relief." *Id*. (internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as

5

true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002).

B.  Graziano's Motion to Dismiss

Under the Fair Housing Act, it is unlawful:

> (b) To discriminate against any person in the terms conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin.
>
> ***
>
> (f)(2) To discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--(A) that person[.]

42 U.S.C. § 3604(b) & (f)(2).

To state a *prima facie* case of discrimination under § 3604(b), Roberson must show that he is a member of a protected class and that he was treated differently than other tenants because of his membership in that class. *See Pinchback v. Armistead Homes Corp.*, 907 F.2d 1447, 1451 (4th Cir. 1990); *Roberson II*, No. WMN-07-1098, at *4; *Mobley v. Rosselle*, 297 F. Supp. 2d 835, 838-39 (D. Md. 2003). Under § 3604(f), Roberson must show that he is handicapped and that he was either discriminated against because of his handicap or denied a

6

reasonable accommodation necessary to allow him the same use and enjoyment of his dwelling as other non-handicapped persons. 42 U.S.C. § 3604(f); *Roberson II*, No. WMN-07-1098, at *4.[9]

Roberson's complaint does not allege his membership in a protected class or that he has a handicap. But, in his opposition to the motion to dismiss, Roberson asserts that he "is a low-income black, African American, male, age 65, single and disabled." Pl.'s Opp. ¶ 2. If Roberson intended to allege membership in protected classes by virtue of his race, age, gender, familial status, and handicap, he has failed to state a claim because he has not explained how he was treated differently than the other tenants because of those characteristics.

Roberson's allegations about conditions such as drug and gang activities, foul odors, and plumbing problems appear to affect many, if not all, his fellow tenants. Further, he has not alleged that the miscalculation of his rent was the result of discrimination by HABC. He has not alleged that the miscalculation was related to his protected status or handicap. As Roberson has failed to state a claim under the FHA, his complaint must be dismissed.

---

[9] *See also Croley v. Hunting Creek Club Condo Ass'n*, No. 05-1326, 2005 WL 5269272, at *2 (E.D. Va. Dec. 13, 2005)(dismissing FHA claim when plaintiff failed to allege that "any of his perceived discrimination [was] a result of his handicap").

III. Conclusion

For the reasons stated above, Graziano's motion to dismiss will be granted.

May 21, 2010                          _____/s/_____
Date                                William D. Quarles, Jr.
                                       United States District Judge